```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
JUAN ALBERTO MEJIA,             :
                                :   HONORABLE JOSEPH E. IRENAS
            Petitioner,         :
                                :   CIVIL ACTION NO. 08-3970(JEI)
     v.                         :
                                :
UNITED STATES OF AMERICA,       :              OPINION
                                :
            Respondent.         :
```

**APPEARANCES:**

Juan Alberto Mejia, *pro se*
# 41395-050
MVCC
555 I Cornell Dr.
Philipsburg, PA 16866

OFFICE OF THE UNITED STATES ATTORNEY
By: Jason M. Richardson, Esq.
401 Market Street, 4th Floor
Camden, New Jersey 08101
     Counsel for Respondent

**IRENAS**, Senior District Judge:

Presently, before the Court are Petitioner Juan Alberto Mejia's Petition to Vacate, Set Aside or Correct Sentence brought under 28 U.S.C. § 2255, and the government's Motion to Dismiss Mejia's Petition.[1]

**I.**

---

[1] The government filed the instant Motion to Dismiss in response to the Court's order requiring the government to answer Mejia's Petition. Because the government's Motion raises both procedural and merits challenges, the Court will consider it to be both a Motion and an Answer.

1

On July 29, 1999, Petitioner, a citizen of the Dominican Republic, was detained upon arrival in the United States at JFK Airport, New York, while trying to enter the country under a false name.  (Gov't Br. at 8-9.)  The same day, after interviewing Petitioner, an Immigration and Naturalization Inspector from the U.S. Immigration and Nationalization Service (INS) removed him from the United States back to the Dominican Republic.  (Id. at 9-10.)  Petitioner subsequently returned to this country, and was arrested on February 24, 2007 for distribution of cocaine.[2]  (Presentence Investigation Report at 10.)

On August 2, 2007, Petitioner pled guilty to two felony charges: (1) conspiring to distribute and possess with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. § 846 , and (2) illegal reentry by a removed alien in violation of 8 U.S.C. § 1362(a).[3]  In exchange for a guilty plea, the government agreed to forego further charges against Petitioner for past violations of drug and immigration laws.  (Plea Agreement at 1.)  In addition, the plea agreement signed by

---

[2] All documents related to this case, including the Presentence Investigation Report, are silent as to precisely when Mejia actually returned to the United States after his initial removal.

[3] This function of the INS has since been transferred to U.S. Immigration and Customs Enforcement (ICE).

all parties precluded their filling of appeals, collateral attacks, and writs or motions after sentencing, including petitions under 28 U.S.C. § 2255.  (Id. at 3.)[4]

On November 19, 2007, the Court applied the statutory "safety valve"[5] and sentenced Petitioner to a term of 37 months imprisonment for Count I and 24 months for Count II, to be served concurrently, based on finding an offense level of 21 and criminal history of I under the Guidelines.  On August 4, 2008, despite the stipulations of the plea agreement, Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2255 claiming he was denied his Sixth Amendment right to effective assistance of counsel.[6]  While Mejia had counsel during his plea and

---

[4] Schedule A to Petitioner's plea agreement stated:
Juan Alberto Mejia knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.
(Plea Agreement at 8.)

[5] See 18 U.S.C. § 3553(f) (allowing the Court to impose sentences below the statutory minimum for drug offenses if the defendant meets certain criteria).

[6] Section 2255 provides, in pertinent part:
A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

3

sentencing, he now proceeds *in forma pauperis* and *pro se* contending that his counsel failed to object to the charge of illegal reentry prior to Petitioner signing a plea agreement.[7] He argues that because he was removed by an INS Inspector without a deportation order from an immigration judge, he was never subject to 8 U.S.C. § 1362(a), and his counsel should have argued that point. As a result, he contends that his term of imprisonment should be reduced from 37 to 30 months.

**II.**

Before directly addressing the merits of Petitioner's claim, the Court will first address the government's argument that Mejia's waiver of collateral attack is valid and enforceable and

---

>impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

[7] Because Petitioner is proceeding *pro se*, his argument is not entirely clear. In fact, the government's Motion to Dismiss offers a slightly different interpretation of Petitioner's argument. The government believes that Mejia is arguing ineffective assistance of counsel based on his lawyer's failure to: (1) object to the illegal reentry charge, and (2) tell him that he was committing a felony when he attempted to enter the United States using a visa under a fraudulent name. (Gov't Br. at 5.) These minor differences in interpretation hold no bearing on the Court's decision, as the underlying analysis does not change.

4

therefore, his Petition is barred. The Third Circuit has held that waivers of the right to appeal are "permissible" if entered into "knowingly and voluntarily, unless they work as a miscarriage of justice." *United States v. Khattak*, 273 F.3d 557, 558 (3d Cir. 2001). Additionally, the Supreme Court has extended the ability to waive rights to include Constitutional rights like the right to counsel. *Johnson v. Zerbst*, 304 U.S. 458, 465 (1995). Moreover, the Third Circuit has applied the *Khattak* analysis to waivers of collateral attacks. *United States v. Perry*, 142 F. App'x 610, 611-12 (3d Cir. 2005) (upholding the district court's dismissal of a § 2255 collateral attack because Petitioner failed to show a "miscarriage of justice"). Similarly, numerous courts in this district have also applied the *Khattak* test in barring collateral attacks. *See, e.g.*, *Coffee v. United States*, No. 06-1296, 2007 WL 2705163, at *2 (D.N.J. Sep. 17, 2007) (Brown, C.J.).[8]

---

[8] *See also Perez v. United States*, No. 07-1393, 2007 WL 2442446 (D.N.J. Aug. 22, 2007) (dismissing a § 2255 collateral attack where upholding an express waiver was not a "miscarriage of justice"); *Basinski v. United States*, No. 06-4190, 2007 WL 2316938 (D.N.J. Aug. 08, 2007) (barring Petitioner from bringing a motion pursuant to § 2255 based on waiver terms within a written agreement); *Johnson v. United States*, No. 06-4475, 2007 WL 2033420 (D.N.J. Jul. 10, 2007) (dismissing petitioner's writ of habeas because it failed to satisfy the *Khattak* test); *Turlington v. United States*, No. 06-51, 2007 WL 2011209 (D.N.J. Jul. 9, 2007) (dismissing the petitioner's motion because a plea agreement barred post-conviction relief).

**A.**

Mejia does not deny that his waiver was signed "knowingly and voluntarily." In addition, prior to accepting Mejia's plea, the Court asked him very specific questions to ensure he understood the agreement in which he was about to enter:

> THE COURT:  And do you also understand that even after an appeal, even after an unsuccessful appeal, you may have the right to challenge your sentence under what we call a collateral attack or post conviction relief?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  But do you understand that in this case, in your plea agreement, and specifically . . . Paragraph 17 of Schedule A, you have waived, surrendered, given up your right to appeal, and your right to post conviction relief or collateral attack, if you are sentenced at a guideline criminal range, criminal offense range of 21 or lower.
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  . . . Do you understand that you waived forever you right to appeal, you waived forever your right to collateral attack if you are sentenced at an offense level under the guidelines of 21 or lower?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Did you discuss that particular provision with Mr. Crisonino?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  And did you agree to that waiver willingly and  voluntarily?
>
> THE DEFENDANT:  Yes, sir.
>
> THE COURT:  Did anybody exercise any force or compulsion on you to make you agree to that waiver?

      THE DEFENDANT:  No, sir.

(Plea Tr. at 21:11-22:13.)

      As anticipated by the plea agreement, at sentencing, the Court indeed sentenced Mejia based on an offense level of 21. Considering the language of the signed plea agreement and Petitioner's colloquy with the Court, there is no reason to believe that he was not aware of the conditions of the agreement, or that he was coerced in any way.  Accordingly, the Court holds that Petitioner waived his right to any collateral attack "knowingly and voluntarily."  *Khattak*, 273 F.3d at 558.

### B.

      Petitioner can overcome an affirmative finding that the waiver was knowing and voluntary if he can prove that upholding the waiver creates a "miscarriage of justice."  *United States v. Gwinnett*, 483 F.3d 200, 205 (3d Cir. 2007).  In determining whether there would be a miscarriage of justice, the Third Circuit adopted the reasoning from *United States v. Teeter*, 257 F.3d 14, 25 (1st Cir. 2001), holding:

> The clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result.

*Khattak*, 273 F.3d at 563 (quoting *Teeter*).  "Morever, a waiver

does not 'become[] unenforceable simply because a defendant "claims" . . . ineffective assistance of counsel,' but only 'if the record of the criminal proceeding revealed that the claim that the waiver was the result of ineffective assistance of counsel was meritorious.'" *United States v. Akbar*, 181 F. App'x 283, 286-87 (3d Cir. 2006) (quoting *United States v. Monzon*, 359 F.3d 110, 119 (2d Cir. 2004)). Therefore, to determine whether Mejia's waiver of his rights to petition under § 2255 is enforceable, the Court must examine if his claim of ineffective counsel might succeed on the merits.

### C.

To prevail on a Sixth Amendment claim of ineffective assistance of counsel, Petitioner must make two independent showings: (1) Counsel's performance was deficient under "prevailing professional norms," *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), and (2) Counsel's deficient performance was prejudicial to his case because "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[9] *Id.* at 694. Because a successful claim requires that Petitioner prove

---

[9] "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 669.

both elements, if one fails, there is no need to examine the other. *Id.*

Under the first prong of the *Strickland* test,

> Judicial scrutiny of counsel's performance must be highly deferential,[because] [i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was reasonable.

*Flamer v. Delaware*, 68 F.3d 710, 719-28 (3d Cir. 1995) (quoting *Strickland*, 466 U.S. at 687-89).

Mejia argues that because he was removed by an INS Inspector and not an immigration judge, 8 U.S.C. § 1326 does not apply. He alleges that his counsel's performance was deficient because counsel failed to argue that Petitioner's initial removal was improper, and as such, he could not have violated 8 U.S.C. § 1326(a), and was wrongfully convicted of illegal reentry. However, based on the facts of this case and the high threshold required for a successful claim of ineffective assistance of counsel, Petitioner has failed to prove that his counsel acted outside expected norms of his profession.

8 U.S.C. § 1326(a) states in pertinent part:

> Subject to subsection (b) of this section, any alien who-
>     (1) has been denied admission, excluded, deported, or removed . . . and thereafter
>     (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the

>United States, or his application for admission
>from foreign contiguous territory, the Attorney
>General has expressly consented to such alien's
>reapplying for admission; or (B) with respect to
>an alien previously denied admission and removed,
>unless such alien shall establish that he was not
>required to obtain such advance consent under
>this chapter or any prior Act,
>
>shall be fined under Title 18, or imprisoned.

8 U.S.C. § 1326(a).

Petitioner had no legal grounds on which to refute the charge of illegal reentry. In 1999, Mejia arrived at JFK Airport from the Dominican Republic and attempted to enter the United States under a false name. An Immigration and Naturalization Inspector then found that Petitioner was inadmissable in accordance with § 235(b)(1) of the Immigration and Nationality Act (codified at 8 U.S.C. § 1225(b)(1)).[10] After an Order of Expedited Removal was issued, Petitioner was removed from the United States. There is no evidence that Mejia's initial removal was improper. When Petitioner was found illegally for the second time in the United States, he was clearly in violation of 8 U.S.C. § 1326(a).

---

[10] 8 U.S.C § 1225(b)(1)(A)(I), states:
If an immigration officer determines that an alien (other than an alien described in subparagraph (F)) who is arriving in the United States or is described in clause (iii) is inadmissible under section 1182(a)(6)(c) or removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum under section 1158 of this title or a fear of prosecution.

10

Furthermore, because there was no clear legal defense for the charge of illegal reentry, Petitioner's counsel was justified in recommending that his client sign a plea agreement.  As a result of counsel's efforts, Mejia received the lowest sentence within the agreed Guidelines range.[11]  Not only was Petitioner's counsel acting within the expected norms of his profession, he ensured a favorable outcome for his client.

Accordingly, because Mejia's counsel acted reasonably within his profession and Petitioner himself was served well by counsel's actions, the first prong of the *Strickland* test is not satisfied.  Without a showing that counsel's actions were deficient, there is no need to examine whether Petitioner was prejudiced.  *See Strickland*, 466 U.S. at 694.  Because Petitioner failed to meet the *Strickland* test for claiming ineffective counsel, the Court upholding the waiver would be a "miscarriage of justice".  Accordingly, Petitioner's waiver of collateral attack is enforceable and the Court will grant the government's Motion to Dismiss.[12]

---

[11] Statutory provisions allowed for a sentence of five to forty years for Count I, and two years for Count II.  However, as already noted, Mejia received the benefit of 18 U.S.C. § 3552(f) as a result of his plea.  Based on a total offense level of 21 and a criminal history of I, the Guidelines recommend a sentence of thirty-seven to forty-six months in prison.

[12] Alternatively, were the court to treat the government's Motion as an Answer, and directly address the merits of Petitioner's ineffective assistance of counsel claim, the same

**III.**

For the reasons set forth above, the Court will grant the government's Motion and dismiss Mejia's Petition to Vacate, Set Aside or Correct Sentence brought pursuant to 28 U.S.C. § 2255. Because the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right, no certificate of appealability shall issue.  *See* 28 U.S.C. § 2253(c).  The Court will issue an appropriate order.

Dated: June 9, 2009

s/ Joseph E. Irenas

**JOSEPH E. IRENAS, S.U.S.D.J.**

---

result would be reached in light of the *Strickland* analysis above.